```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**FRANKIE E. LEE,**

    **Plaintiff,**

    vs.                                    Civil Action 2:12-CV-537
                                                          Judge Graham
                                                          Magistrate Judge King

**MICHAEL DEWINE,** *et al.*,

    **Defendants.**

<u>ORDER AND
REPORT AND RECOMMENDATION</u>

        Plaintiff, a state prisoner, has filed an action asking that the Court compel defendants "to answer plaintiffs [sic] request for release." Doc. No. 1. Attached to that document is a document dated December 7, 2011, addressed to the named defendants, in which plaintiff requests his immediate release from confinement and an award of monetary damages. This matter is now before the Court on plaintiff's motion for leave to proceed *in forma pauperis*, Doc. No. 4, and on plaintiff's *Motion to Stay Pending Federal Habeas Corpus FRCP, 28 U.S.C. Sec. 2254, Motion to Compel*, Doc. No. 5 [hereinafter "*Motion to Stay and to Compel*"].

        The motion for leave to proceed *in forma pauperis*, Doc. No. 4, is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, the Court concludes that the action cannot proceed.

        The *Complaint* appears to allege that defendants have improperly calculated plaintiff's maximum period of incarceration in that sentences that were to have been served concurrently have been calculated as consecutive. According to plaintiff, his sentences should have expired in May 2003. *Complaint*, ¶ 6.

The Court previously advised plaintiff that his claim for civil damages cannot proceed unless and until his continued incarceration has been determined to be invalid. *Order*, Doc. No. 3, *citing Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  To the extent that plaintiff intends by this action to directly challenge "the very fact or duration of his physical imprisonment, . . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  However, this Court cannot entertain an action for a writ of habeas corpus under 28 U.S.C. § 2254 unless the "applicant has exhausted the remedies available in the courts of the State . . . ." § 2254(b)(1)(A).  Plaintiff does not allege that he has exhausted his available state court remedies.[1]

In his *Motion to Stay and to Compel*, plaintiff appears to ask that this Court order defendants to respond to his "request for release, and in doing so [permit plaintiff to] exhaust plaintiff[']s State Remedy. . . ." *Motion to Stay and to Compel*, p. 1.  However, the Court is without authority to substitute its own procedures, in the form of a motion to compel, for the state court remedies available to plaintiff. A federal court has limited authority to stay a habeas action pending exhaustion of state court remedies; however, such a stay "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  This Court has no basis, on the record presently before it, to make such a

---

[1] "[A]t a minimum, [an Ohio inmate] may still be able . . . to file a Motion in the trial court to correct the judgment entry." *Merriweather v. Wilkinson*, 2005 WL 1657053, *2 n.2 (N.D. Ohio, July 14, 2005).  Ohio courts have also entertained challenges to an inmate's calculation of sentence in an original action in mandamus, *see, e.g., State ex rel. Green v. Money*, 2003 WL 22022053 (Ohio App. 10 Dist., August 28, 2003), and in an original petition for a writ of habeas corpus, *see, e.g., State ex rel. Gilbert v. Gensheimer*, 2011 WL 5143534 (Ohio App. 11 Dist., October 28, 2011).

determination.

It is therefore **RECOMMENDED** that this action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                    *s/Norah McCann King*
                                                     Norah M<sup>c</sup>Cann King
                                   United States Magistrate Judge

August 20, 2012
Date